USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-4-09

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x
                                    :
DEBRA HEVNER,                       :
                    Plaintiff,      :
                                    :         ORDER
       - against -                  :
                                    :      06 Civ. 3983 (DC)
VILLAGE EAST TOWERS, INC. et al.,   :
                                    :
                    Defendants.     :
                                    :
- - - - - - - - - - - - - - - - - -x
```

**CHIN, District Judge**

        The Court is reviewing *pro se* plaintiff's application for appointment of counsel. To make a determination on the application, the Court must review plaintiff's claims and determine, as a threshold matter, whether her "position seems likely to be of substance." Hodge v. Police Officers, 802 F.2d 58 (2d Cir. 1986). There remains some confusion, however, about plaintiff's claims.

        At a pre-trial conference on May 29, 2009, plaintiff informed the Court that she wished to withdraw the amended complaint and proceed on the original complaint. She also asserted that she was not claiming discrimination based on any disability, and that therefore her disability (if any) was not relevant to the case. Both plaintiff's amended and original complaints, however, include claims for disability discrimination. Plaintiff's original complaint alleges "discriminating conduct" including defendant's "refusal to make accommodations in rules, policies, practices, or services," its "unlawful discrimination against a disabled person, as defined in Section 805, 42 U.S.C. 3605," and its "egregious violations of Plaintiff's civil rights." (Compl. ¶ 3). Similarly, plaintiff's

amended complaint alleges defendant had the obligation to "make reasonable accommodations to Plaintiff's application for Skewed Maintenance benefits as a disabled person" and that its rejection of plaintiff's application was "without justification or cause," violating the Fair Housing Amendments Act and having a "discriminatory effect on plaintiff." (Am. Compl. ¶¶ 20-21; see also Am. Compl. ¶¶ 11-26). If plaintiff indeed is not asserting disability discrimination, it is not clear what she is claiming. I cannot properly evaluate her request for counsel without knowing what she is claiming.

Accordingly, plaintiff is HEREBY ORDERED to clarify in writing whether she claims discrimination on the basis of disability and, if not, she shall clarify the basis of her claims. Plaintiff is advised that if she is alleging disability discrimination, defendants are entitled to seek discovery from her about the existence and extent of any alleged disability.

Plaintiff shall also confirm with the Court whether she wishes to proceed on her original or amended complaint or a new complaint. Plaintiff shall submit a written response to the Court by June 24, 2009.

Additionally, as plaintiff is currently pro se, the case shall proceed as a non-ECF case.

Finally, pursuant to plaintiff's request, all correspondence shall be served on plaintiff by regular, first-class mail.

SO ORDERED.

Dated:   New York, New York
         June 4, 2009

DENNY CHIN
United States District Judge